**SO ORDERED.**

**SIGNED this 01 day of August, 2007.**



_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| JOHN CARL HURST | ) | Case No. 05-42548 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| PATRICIA E. HAMILTON, TRUSTEE | ) | |
| FOR THE BANKRUPTCY ESTATE | ) | |
| OF JOHN CARL HURST | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 07-7041 |
| | ) | |
| MICHAEL F. BRUNTON | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER
AND REVISED SCHEDULING ORDER**

This matter is before the Court on Defendant's "Motion to Dismiss on the Pleadings Pursuant

to Rule 7012,"[1] Defendant's "Motion to Disqualify Patricia Hamilton as Attorney for the John Carl

_____

[1] Doc. 6.

Hurst Estate Pursuant to 11 U.S.C. § 327(d),"[2] Defendant's "Motion to Disqualify Patricia Hamilton as the Attorney for the John Carl Hurst Estate Pursuant to Rule 3.7(a) of the Kansas Rules Relating to the Discipline of Attorneys,"[3] and Trustee's Application to Employ Attorney.[4]

I. FINDINGS OF FACT

Defendant, Michael Brunton ("Brunton"), was employed by John Carl Hurst ("Debtor") to provide legal services to the Debtor in regard to Bankruptcy Case No. 05-42548, which he filed on August 9, 2005. Brunton served as Debtor's counsel from July 21, 2005 until approximately July 14, 2006, when Brunton moved to withdraw, citing irreconcilable differences with Debtor. Brunton was allowed to withdraw by an order entered August 1, 2006.[5]

On June 13, 2006, Patricia Hamilton, Chapter 7 Trustee for the Estate of John Carl Hurst, ("Trustee"), filed Adversary Proceeding No. 06-7047. In that case, she sought a denial of Hurst's discharge under 11 U.S.C. § 727(a)(2) and (4),[6] alleging that Hurst had concealed or transferred assets of the estate and made false oaths or accounts in connection with the case.

On April 30, 2007, the Trustee filed this adversary proceeding against Brunton alleging that he had committed legal malpractice, breach of contract, negligence and breach of fiduciary duty during his representation of John Carl Hurst ("Debtor") in the Debtor's bankruptcy case. Brunton

---

[2] Doc. 8.

[3] Doc. 9.

[4] Doc. 81 in the main case, Case No. 05-42548.

[5] Doc. 45.

[6] This case was filed before October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 become effective. All statutory references to the Bankruptcy Code are to 11 U.S.C.A. §§ 101 - 1330 (2004), unless otherwise specified. All references to the Federal Rules of Bankruptcy Procedure are to Fed. R. Bankr. P. (2004), unless otherwise specified.

2

has moved to dismiss this adversary proceeding on equitable principles, contending that Debtor's bad acts, as alleged in the Trustee's complaint against Debtor in Adv. No. 06-7047, bar him, or the Trustee standing in his place, from prevailing against Brunton. Brunton has also moved to disqualify the Trustee from acting as attorney for the estate on the basis that she was not properly retained as counsel pursuant to § 327 and that she is a material witness in the case.

On July 10, 2007, the Trustee filed her Application to Employ Attorney. In that application, she sought leave to hire Darcy D. Williamson ("Williamson") as attorney for the estate pursuant to § 327(a). The objection deadline for this motion passed without objection, and the Court approved the motion on August 1, 2007.[7]

## II. Defendant's Motion to Dismiss

The basis for Brunton's Motion to Dismiss on the Pleadings Pursuant to Rule 7012 is that the Trustee, who essentially stands in the shoes of the Debtor, cannot collect against him based on the equitable doctrine of *in pari delicto*. This doctrine bars a plaintiff who has participated in wrongdoing from recovering damages for loss resulting from the wrongdoing.[8] To support this motion, Brunton exclusively relies on the Trustee's allegations contained in her complaint against Debtor, *Hamilton v. Hurst (In re Hurst)*.[9] In that separate, albeit admittedly related, adversary, the Trustee alleges that the Debtor concealed or transferred assets with the intent to hinder, delay or

---

[7] Doc. 86.

[8] *See* Black's Law Dictionary 794 (7th ed. 1999) (defining " *in pari delicto* doctrine" as "[t]he principle that a plaintiff who has participated in wrongdoing may not recover damages resulting from the wrongdoing.") *See also Estate of Bruner v. Bruner*, 338 F.3d 1172, 1177 (10th Cir. 2003) (noting that "Equity will not relieve one party against another when both are *in pari delicto*.").

[9] Adversary No. 06-7047.

3

defraud creditors or an officer of the bankruptcy estate, and knowingly and fraudulently made false oaths or accounts in connection with the bankruptcy case.

Brunton does not indicate under which subsection of Rule 7012 his motion to dismiss is filed. Based upon the arguments raised in his motion to dismiss, however, the Court presumes it most likely falls under either Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted) or 12(c) (judgment on the pleadings).[10] Under either of these provisions, if matters outside the pleadings are presented, the Court must treat the motion as one for summary judgment under Fed. R. Civ. P. 56.[11] Because Brunton is relying on matters that are outside the pleading in this adversary proceeding, the Court will treat the motion as one for summary judgment.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law."[12] In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[13] An issue is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[14] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[15]

---

[10] Fed. R. Civ. P. 12(b)-(h) are made applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7012(b).

[11] Fed. R. Civ. P. 12(b)(6) and (c). *See also Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005).

[12] Fed. R. Civ. P. 56(c). Fed. R. Civ. P. 56(c) is made applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7056.

[13] *Lifewise Master Funding v. Telebank,* 374 F.3d 917, 927 (10th Cir. 2004); *Loper v. Loper (In re Loper)*, 329 B.R. 704, 706 (10th Cir. BAP 2005).

[14] *Thom v. Bristol-Myers Squibb Co.,* 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

[15] *Id.* (citing *Anderson,* 477 U.S. at 248).

4

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[16] In attempting to meet that standard, a movant who does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[17]

If the movant carries this initial burden, the nonmovant who would bear the burden of persuasion at trial may not simply rest upon his pleadings; the burden shifts to the nonmovant to go beyond the pleadings and "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[18] To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."[19] Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[20]

The Court finds that there are material questions of fact in this case that prohibit the entry of summary judgment in Brunton's favor. The allegations relied upon by Brunton are just that - allegations. They have not been proven and are, in fact, strongly contested by the Debtor in that adversary proceeding. The fact that the Trustee has made these allegations against the Debtor shows

---

[16]*Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)).

[17]*Id.* (citing *Celotex,* 477 U.S. at 325).

[18]*Id.* (citing Fed. R. Civ. P. 56(e)).

[19]*Diaz v. Paul J. Kennedy Law Firm,* 289 F.3d 671, 675 (10th Cir. 2002).

[20]*Celotex,* 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

5

that the Trustee has a good faith basis for believing them to be true, but that does not mean that the allegations are undisputed fact.

It appears from the pleadings filed in this case that the Trustee has been provided significantly different accounts of the dealings between Brunton and the Debtor leading up to Debtor's filing of his bankruptcy petition, and there is nothing inherently improper with the Trustee pursuing separate, albeit related and potentially conflicting, actions based upon these varied factual accounts. It is unclear at this point whether the Debtor's version of what took place is accurate, whether Brunton's version is accurate, or whether some third version of the truth is accurate, and the Trustee is not precluded from proceeding in both cases, against both defendants, in an effort to discover the truth, as both sets of factual allegations cannot be true.

Another question of fact at issue, even if the Court were to assume all of the allegations made by the Trustee against the Debtor are true, is whether such improper conduct is in fact equal to or greater than any improper conduct on the part of Brunton. For example, if the Debtor did in fact knowingly and fraudulently make a false oath or account, but only did so on the direct advice of his attorney, Brunton, as Debtor now alleges, then it is possible that the Court could find Brunton's conduct to be more egregious than the Debtor's. Again, this is a factual issue that would have to be determined based upon the evidence; it cannot be decided at this juncture, on a Motion to Dismiss.

Brunton's equitable *in pari delicto* defense may prove to be a viable defense in this case, and the Court is certainly not closing the door on its potential application to the facts, once those facts have been tested by full discovery. However, the facts supporting that defense will have to be developed through discovery and, possibly, trial before the Court will be in a position to determine its applicability. Therefore, the motion to dismiss is denied.

6

**III.    Defendant's Motion to Disqualify Patricia Hamilton for failure to comply with 11 U.S.C. § 327**

Brunton first moves to disqualify the Trustee as attorney for the estate on the basis that she failed to comply with the requirements of § 327. Section 327 allows the Trustee to hire an attorney to represent the estate with Court approval, upon a showing that it is in the estate's best interest.

The docket sheet reflects that rather than filing a specific motion to appoint herself and her law firm as attorney for the estate in this case, the Trustee simply included a sentence in the Notice of Recovery of Assets, Retention of Counsel and Declaration of Disinterestedness, which was filed on May 23, 2006, indicating that "the trustee has employed the trustee and the trustee's law firm to serve as attorneys for the bankruptcy estate."[21] Although this procedure is no longer followed in this District, the Court takes judicial notice that it had reached an agreement with the United States Trustee's Office to allow the appointment of counsel in this shorthand manner at the time this notice was filed. The Trustee was in compliance with the practices and procedures required by this Court at that time, and there was no objection to her appointment until the current motion to disqualify was filed – more than one year after the appointment had been made through the abbreviated procedure adopted.

Brunton also argues that the appointment would be improper because her appointment would in no way benefit the estate. The Court disagrees that Brunton's "benefit to the estate" contention has or could have been demonstrated at this stage of these proceedings. It remains to be seen whether there is merit to the Trustee's complaint.

---

[21]Doc. 33 in Case No. 05-42548.

In addition, whether the Trustee will ultimately be able to recover any money from this particular adversary proceeding is not the only issue to be considered. The Trustee hired herself and her law firm to represent the bankruptcy estate in all matters, not just this one adversary proceeding. There are other legal issues, including a motion for the turnover of funds[22] and an adversary proceeding seeking the denial of the Debtor's discharge,[23] which will also likely require the services of an attorney representing the estate. If Brunton believes the Trustee has wasted estate assets by pursuing this adversary proceeding, he may file an objection when she submits her application for payment of attorney fees. The reasonableness of her fees, which must be approved by the Court, will then be an issue, and the Court will be in a better position to determine whether her pursuit of this potential asset was, in fact, reasonable. The Court declines to prejudge the issue in this proceeding, before the facts are thoroughly discovered and presented.

Because the Trustee complied with the Court's requirements for the retention of counsel at the time such appointment was made, the Court will not now disqualify her for a failure to more formally comply with § 327, especially when no objection to her appointment was made for over a year. In addition, the Court finds that the appointment of the Trustee and her law firm as attorneys for the estate is in the estate's best interest, even if the appointment was only for services rendered outside of this adversary proceeding.

**IV.    Defendant's Motion to Disqualify Patricia Hamilton based on her being a material witness**

Brunton has also moved to disqualify the Trustee as counsel for the estate, contending that she will be a material witness in the trial in this case. Brunton relies on Rule 3.7 of the Kansas Rules

---

[22]Doc. 30.

[23]Case No. 06-7047.

Relating to the Discipline of Attorneys, which provides that it is unethical for an attorney to represent a party in a case in which the attorney will be a material witness, with certain exceptions. He contends this rule requires the Trustee be disqualified as an attorney of record in this case.

The Trustee has responded by claiming that she will not be a material witness in this Adversary Proceeding. She claims that any testimony she may be asked to provide could be obtained through other witnesses, or that such testimony relates to uncontested matters. That said, to prevent any delay in the case, the Trustee has sought and received permission to retain other counsel to represent the estate in this matter. The order allowing the employment of Darcy Williamson as counsel for the estate essentially renders this motion moot as it relates to this case. Further, to the extent the Trustee can serve as attorney for the estate in other matters in which she would not be a material witness, there is no basis for disqualifying her entirely, as attorney for the estate.

Based upon the statements made by the Trustee in her response to this motion, it appears she intends for Ms. Williamson to assume the role as attorney in this adversary proceeding, which resolves any issues about whether the Trustee is a material witness while also attempting to serve as the attorney of record for the estate. The Court requests Ms. Williamson immediately enter her appearance in this adversary proceeding so it may proceed in a timely manner. If Ms. Williamson is not going to represent the estate in this proceeding, the Trustee is to inform the Court of that fact within 10 days so the Court can revisit this motion to disqualify, if necessary.

**V. Revised Scheduling Order.**

The Court notes that the parties asked that the Court stay the discovery and other deadlines in this case, as well as the related adversary proceeding against the Debtor, during the time these

9

motions were under advisement. This Court agreed to those requests, and stayed discovery both in this Adversary Proceeding,[24] and the related Adversary Proceeding against the Debtor.[25] Since it is this Court's intent that these cases proceed simultaneously through discovery and ultimately trial, the Court orders counsel for both cases to comply with Fed. R. Civ. P. 26(f) by conferring in person or by telephone prior to the Scheduling Conference, now scheduled for **August 16, 2007 at 3:40 p.m.**[26]

Counsel for Plaintiff in each case shall file a report of the conference in substantial compliance with the Report of Parties' Planning Meeting form contained on this Court's web-site, not less than four working days prior to the scheduling conference. Counsel for all parties in both cases should confer so that the deadlines proposed are the same for each case. If the Report(s) of Parties' Planning Meeting is approved by the Court, unless the parties specifically request that the conference be held, the Court will likely cancel the scheduling conference and issue a Revised Scheduling Order.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Defendant's Motion to Dismiss Adversary on the Pleadings Pursuant to Rule 7012,[27] is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Disqualify Patricia Hamilton as Attorney for the John Carl Hurst Estate Pursuant to 11 U.S.C. § 327(d),[28] is denied.

---

[24]Doc. 17.

[25]Doc. 45 in 06-7047.

[26]The Court directs the Clerk to prepare and send a Notice of Pretrial Scheduling Conference with these dates in the companion Adversary Proceeding, 06-7047.

[27]Doc. 6.

[28]Doc. 8.

10

**IT IS FURTHER ORDERED** that Defendant's Motion to Disqualify Patricia Hamilton as the Attorney for the Estate of John Carl Hurst Estate Pursuant to Rule 3.7(a) of the Kansas Rules Relating to the Discipline of Attorneys,[29] is denied.

**IT IS FURTHER ORDERED** that counsel in both Adversary Proceedings participate in filing a Report or Reports of Parties' Planning Meeting, due **August 10, 2007**, and attend the Scheduling Conference on **August 16, 2007 at 3:40 p.m.**, unless their attendance is later excused.

###

---

[29]Doc. 9.